IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

QUANTEL SHIELDS                                                    PETITIONER

vs.                    Civil Case No. 5:08CV00092 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Quantel Shields, an inmate of the Arkansas Department of Correction. Petitioner was charged in state court with aggravated robbery. On March 12, 2007, he entered a guilty plea pursuant to a plea bargain, under which he agreed to testify truthfully against his co-defendant, Gregory Eldridge, in exchange for the prosecutor's agreement to recommend a sentence of

eleven years (Respondent's Exhibits 1 and 2).  His sentencing was deferred until June 4, 2007, after Eldridge's trial.

On that date, he filed a motion to withdraw his guilty plea under Rule 26 of the Arkansas Rules of Criminal Procedure, in which he asserted his attorney had promised he would be placed in Boot Camp, but that he had learned a Y felony conviction prohibited such an assignment, and counsel was ineffective for not advising him properly (Respondent's Exhibit 3).  The state court appointed the Public Defender to represent Petitioner (Respondent's Exhibit 4). On June 6, the court entered an order scheduling the case for a hearing (Respondent's Exhibit 5).  On June 18, 2007, counsel filed a motion to set aside the order of appointment (Respondent's Exhibit 6).  On June 26, 2007, following a hearing (Respondent's Exhibit 8), the state court denied Petitioner's motion to withdraw his guilty plea and entered a judgment and commitment order incorporating the original recommended sentence of eleven years imprisonment (Respondent's Exhibit 7).

In the present proceedings, Petitioner raises the following grounds for relief:

>    1.  Trial counsel was ineffective in that counsel did not investigate his contention that he was the victim of the robbery and was not guilty and
>
>    2.  Appointed counsel on his motion to withdraw his guilty plea was ineffective in that he filed a motion to set aside the appointment because he did not want to file a direct appeal for Petitioner.

Respondent admits Petitioner is in his custody pursuant to this conviction and that he has no unexhausted, non-futile state remedies available to him, but he contends the petition should be dismissed because his claims are procedurally barred. He argues Petitioner's claims could have been presented in a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, but Petitioner did not seek that remedy.

Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996). The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, Gilmore v. Armontrout, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), cert. denied, 490 U.S. 1114 (1989), and presenting them in a procedurally correct manner. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). If a petitioner has not properly presented his claim to the state courts, Wainwright v. Sykes, 433 U.S. 72, 87 (1977), requires him to demonstrate adequate cause for this default and actual prejudice resulting from the constitutional violation he asserts. Coleman v. Thompson, 501 U.S. 722, 750 (1991). If he is unable to satisfy the cause and prejudice requirement, the court may still consider the claim if he establishes a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and

the failure to hear the claim would result in a "fundamental miscarriage of justice."  Murray v. Carrier, 477 U.S. 478, 495 (1986).

Petitioner asserted ineffective assistance of counsel in his motion to withdraw his guilty plea, but the basis for his claim there was that counsel did not advise him properly regarding boot camp.  He did not assert the issue he raises here, that counsel did not investigate his claim of innocence.  Although given the opportunity, Petitioner has not explained why he did not assert his claims in a Rule 37 motion, and he has not asserted he is entitled to the actual innocence gateway exception to the procedural default rule in Schlup v. Delo, 513 U.S. 298, 324 (1995).  The record reflects the trial court advised Petitioner he had the right to file a Rule 37 motion within ninety days of the entry of the judgment and commitment (Respondent's Exhibit 7, p. 80-81).  I must find Petitioner's claims are procedurally barred.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 10th day of September, 2008.

*/s/ Henry L. Jones, Jr.*
United States Magistrate Judge